IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 05-00131 DAE-KSC |
| ) | |
| Petitioner, ) | FINDINGS AND |
| ) | RECOMMENDATION TO GRANT |
| vs. ) | PETITIONER'S MOTION FOR |
| ) | CONTEMPT AND TO DENY |
| LOREN W. TRENHOLM, ) | PETITIONER'S MOTION TO |
| Individually and as ) | STRIKE |
| President of MFA INSURANCE,) | |
| INC.,and JOELENE N. ) | |
| TRENHOLM, Individually and ) | |
| as Vice-President of ) | |
| MFA INSURANCE, INC., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION TO GRANT PETITIONER'S
MOTION FOR CONTEMPT AND TO DENY PETITIONER'S
<u>MOTION TO STRIKE</u>

On July 28, 2005, the Court issued an Order Granting Petitioner United States of America's ("Petitioner") Petition to Enforce the Internal Revenue Service ("IRS") Summonses served upon Respondents Loren W. Trenholm and Joelene N. Trenholm, individually and

as President and Vice President of MFA Insurance, Inc. ("Respondents"). On December 8, 2005, Petitioner filed a Request for Entry of Order to Show Cause and Motion for Contempt based on Respondents' alleged failure to comply with the Court's July 28, 2005 Order.

The Court held hearings on Petitioner's Motion for Contempt on January 13, 2006, March 13, 2006, and May 15, 2006. At the hearing on March 13, 2006, the Court permitted the parties to submit briefs on the issue of what, if any, reasonable efforts had been made by Respondents to comply with the summonses.

On April 24, 2006, Respondents filed Respondents' Memorandum of Law Regarding "Reasonable Efforts." On May 1, 2006, Petitioner filed a Response to Respondents' Memorandum of Law Regarding "Reasonable Efforts." On May 8, 2006 Respondents filed a Reply. On May 10, 2006, Petitioner filed a Motion to Strike Respondents' Reply.

The matter came on for hearing on May 15, 2006. Attorney Jeremy N. Hendon appeared on behalf of

Petitioner; Attorney Stephen P. Pingree appeared on behalf of Respondents.  At the hearing, the Court permitted the parties to submit additional information in the form of deposition testimony regarding what efforts had been made by Respondents to comply with the summonses.

The issue before the Court is whether Respondents made "reasonable efforts" to comply with the IRS summonses served upon them such that they should not be held in civil contempt.  A court may hold a party in civil contempt for failing to comply with a court order even if the failure is unintentional.  See Perry v. O'Donnell, 759 F.2d 702, 705 (9th Cir. 1985); McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949).  If a plaintiff establishes that a defendant has failed to comply with a court order, then a defendant has the burden of establishing a defense.  See United States v. Rylander, 460 U.S. 752, 757 (1983).

A defendant has a valid defense to civil contempt if she can demonstrate that she made all

reasonable efforts to comply with the court order. See United States v. Ryan, 402 U.S. 530, 534 (1971). While there is no good faith exception to obedience of a court order, the Ninth Circuit has stated that a defendant should not be held in contempt if her actions appear to be based on good faith and a reasonable interpretation of the court's order. Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982). If a defendant has taken "all reasonable steps" to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil contempt. General Signal Corp v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986) (citing Vertex Distrib., 689 F.2d at 891-92).

In this case, Respondents have not produced all responsive documents listed in the summonses or demonstrated that they have exerted in good faith all reasonable efforts to obtain them. The documents that remain at issue relate to the following entities: (1)

statements for a foreign Hallmark/Horizon credit card; (2) loan applications for Colony Mortgage; and (3) an insurance policy application for Asia Pacific.

On May 15, 2006 Respondents were deposed and questioned specifically on what reasonable efforts they had made to obtain information from the aforementioned entities.  In his deposition, Respondent Loren Trenholm testified that he had never seen or possessed any statements for Hallmark/Horizon.  In an effort to obtain copies of these statements, Respondents Loren Trenholm and Joelene Trenholm allegedly sent a letter, dated April 17, 2006, to Horizon Card.  The letter, however, was not directed to any individual and did not contain an account number or any other identifier.  Respondents testified that they received no response to their letter and did not take additional steps to obtain information from Hallmark/Horizon.  The Court notes that a copy of this letter has not been submitted to the Court.

Respondent Loren Trenholm further testified that he did nothing to obtain the loan applications for

Colony Mortgage because he did not know they were outstanding. In addition, he testified that his contact at Colony Mortgage is Colin Chaffe, but he has not contacted Colin Chaffe to obtain copies of applications for Colony Mortgage. In her deposition, Respondent Joelene Trenholm similarly testified that she had made no attempt to obtain the requested information from Colony Mortgage Company because she did not see it on the summons list and therefore did not think it was needed.

Respondent Loren Trenholm also testified that he did nothing to obtain the insurance policy application for Asia Pacific because he did not know it was outstanding. Respondent Joelene Trenholm similarly testified that she had made no attempt to obtain the application from Asia Pacific because she did not see it on the summons list and therefore did not think it was needed.

In sum, Respondents' deposition testimony reveals that neither Respondent attempted to call, fax,

email, locate, or visit the entities either themselves or by way of an agent, or to investigate and pursue their legal rights to obtain the requested information from these entities.  Rather, the only additional effort that Respondents appear to have made to obtain additional information is sending one letter to Hallmark/Horizon Card.

The Court finds that Respondents' actions are insufficient to meet the reasonable efforts test.  In addition, the Court finds that the Respondents' claim that they were unaware that certain items were listed on the summonses does not excuse their obligation to produce these documents.  The Court further finds that Respondents' lack of effort in obtaining requested documents from Colony Mutual and Asia Pacific and their single attempt to contact Horizon by letter do not meet the "all reasonable efforts" test.  <u>General Signal Corp v. Donallco, Inc.</u>, 787 F.2d 1376, 1379 (9th Cir. 1986).

Consequently, the Court FINDS and RECOMMENDS that Petitioner's Motion be GRANTED and that Respondents

Loren and Joelene Trenholm be held in civil contempt. Accordingly, the Court FINDS and RECOMMENDS that compensatory sanctions in the form of attorney's fees and costs incurred by Petitioner in bringing this motion be imposed.  United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947); General Signal v. Donallco, Inc., 768 F.2d 1376, 1380 (9th Cir. 1986).

   The Court also FINDS and RECOMMENDS that Petitioner's Motion to Strike be DENIED.  The Court finds that the Reply submitted by Respondents does not contain "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  See Fed. R. Civ. P. 12(f).  In addition, the Court finds that Petitioner has not suffered any prejudice as a result of the filing of Respondents' Reply.

   Based on the foregoing, the Court FINDS and RECOMMENDS that Petitioner's Motion for Contempt be GRANTED and FINDS and RECOMMENDS that Petitioner's Motion to Strike be DENIED.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, June 16, 2006.

   

_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 05-00131 DAE-KSC; USA vs. LOREN W. TRENHOLM, et. al.; FINDING AND RECOMMENDATION TO GRANT PETITIONER'S MOTION FOR CONTEMPT AND TO DENY PETITIONER'S MOTION TO STRIKE