IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                        )<br>            Petitioner,                      )<br>                                                        )<br>     vs.                                              )<br>                                                        )<br>LOREN W. TRENHOLM,                )<br>Individually and as President of    )<br>MFA INSURANCE, INC., and        )<br>JOELENE N. TRENHOLM,           )<br>Individually and as Vice President of )<br>MFA INSURANCE, INC.,               )<br>                                                        )<br>            Respondents.                 )<br>_____ ) | CV. NO. 05-00131 DAE-KSC |

ORDER AFFIRMING MAGISTRATE'S FINDING AND RECOMMENDATION
TO GRANT PETITIONER'S MOTION FOR CONTEMPT AND TO DENY
<u>PETITIONER'S MOTION TO STRIKE</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner and Respondents' objections to the magistrate's findings and recommendations, the Court AFFIRMS the Magistrate's Findings and Recommendation to Grant Petitioner's Motion for Contempt and to Deny Petitioner's Motion to Strike ("Findings and Recommendation").

BACKGROUND

On July 28, 2005, the magistrate granted Petitioner's Petition to Enforce the Internal Revenue Service Summonses that had been served upon Respondents. Respondents did not produce all documents requested. Thus, Petitioner filed a Motion for Contempt on December 8, 2005. The magistrate held three hearings on the motion, one on January 13, 2006, one on March 13 and one on May 15, 2006. In addition, in March 2006, the magistrate allowed the parties to submit briefs describing what efforts, if any, had been made by Respondents to comply with the summonses.

It is undisputed that Respondents did not produce documents responsive to the summonses' requests for: (1) statements for a Hallmark/Horizon credit card; (2) loan applications for Colony Mortgage; and (3) an insurance policy application for Asia Pacific.

After the last hearing, Respondents were deposed on May 15, 2006, regarding their efforts to obtain the outstanding documents. Respondent Loren Trenholm testified that he had never seen or possessed statements for the Hallmark/Horizon credit card. He further testified that he sent a letter, dated April 17, 2006, to the credit card company in an effort to obtain copies of statements. However, the letter did not contain an account number or any other identifier,

neither was it directed to a specific person.  Respondents did not receive a response to their letter.  Respondents made no other efforts to obtain statements from Hallmark/Horizon by the time of the issuance of the Findings and Recommendation.

With respect to the loan applications for Colony Mortgage and Asia Pacific, Respondents both testified that they took no steps to secure such documents because they either did not notice the request listed in the summonses and/or did not know that the documents were outstanding.

Based upon this evidence, the magistrate found that Respondents failed to take reasonable efforts to secure the requested documents since "neither Respondent attempted to call, fax, email, locate, or visit the entities either themselves, or by way of an agent . . . ."  (Findings and Recommendation at 8.) Accordingly, on June 16, 2006, the magistrate recommended that the Motion for Contempt be granted, that the Respondents be held in civil contempt, and that compensatory sanctions in the form of attorney's fees and costs incurred by Petitioner in bringing the motion for contempt be imposed.  (*Id.*)

On June 27, 2006, Petitioner filed objections to the Findings and Recommendation.  Petitioner requests that this Court adopt the recommendation that Respondents be held in civil contempt and impose a compensatory sanction in

3

the form of the attorney's fees and costs incurred.  Petitioner further requests that this Court impose a coercive sanction against Respondents in the amount of $1,000 a day to obtain obedience with the Court's July 28, 2005 order granting the petition to enforce the summonses.

The day before, on June 26, 2006, Respondents field a Motion for Reconsideration.  The magistrate allowed Respondents to submit additional exhibits.  On July 25, 2006, the magistrate denied Respondents' motion for reconsideration, finding that as of May 15, 2006, Respondents had not demonstrated that they made reasonable efforts test to secure the requested documents.

On August 4, 2006, Respondents filed objections arguing that this Court should not adopt the magistrate's findings and recommendation because it did not take into account Respondents' post-May 15, 2006 efforts to obtain the documents at issue.  Respondents attached two exhibits to their objections.  The first exhibit is a June 27, 2006 letter from Asia Pacific stating that it does not maintain copies of Respondents' insurance policy application.  Ex. O.  The second exhibit is an email from Brian Trowbridge which states that "to your recent inquiry the accounts are closed and we have no further information" and a reply email dated July 7, 2006, from Mrs. Trenholm asking Mr. Trowbridge for account

statements and any other information regarding the Horizon card. Ex. P. Mrs. Trenholm's declaration does not explain who Brian Trowbridge is, how he is connected with Horizon/Hallmark, or whether he responded to her.

## STANDARD OF REVIEW

Any party may serve and file written objections to a magistrate's proposed findings and recommendations as provided by rules of court. 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's case dispositive order, findings, or recommendations, the district court must make a *de novo* determination. A *de novo* review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust & Banking, 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted). While the district court need not hold a *de novo* hearing, the court is obligated to arrive at its own independent conclusion about those portions of the magistrate's findings or recommendation to which objections are made. Id.

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The judge may also receive further evidence or recommit the matter to the magistrate with instructions."

<u>McDonnell Douglas Corp. v. Commodore Bus. Machs.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

## DISCUSSION

Respondents argue that the magistrate failed to appropriately weigh his directions to the parties and their reliance thereon, the unavailability of the sought-after records, and whether a contempt finding would be punitive instead of coercive.  Petitioner also objects to the Findings and Recommendation and requests that in addition to finding Respondents in contempt and imposing a sanction of attorneys' fees, the Court impose a coercive sanction to command Respondents to comply with the July 28, 2005 Order.

The court has the power to hold a  party in civil contempt if the party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply.  The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." <u>In re Dual-Deck Video Cassette Recorder Antitrust Litigation</u>, 10 F.3d 693, 695 (9th Cir. 1993) (citation omitted).  Where "a violating party has taken 'all reasonable steps' to comply with the court order, technical or inadvertant violations of the order will not support a finding of civil contempt." <u>Vertex Distrib. Inc. v. Falcon Foam Plastics, Inc.</u> 689 F.2d 885, 891-92 (9th Cir. 1982).  The party alleging civil

contempt must demonstrate a violation of the court's order by clear and convincing evidence, not merely a preponderance of the evidence.  Id. at 889.

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both."  Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir.1986). " It is within the court's discretion to award attorney's fees incurred because of the violation.  Harcourt Brace Jovanovich Legal and Prof'l Publ'ns, Inc. v. Multistate Legal Studies, Inc., 26 F.3d 948, 953 (9th Cir. 1994).

Here, as of the date of the Findings and Recommendation, June 16, 2006, the evidence established that Respondents had received summonses requesting certain documents and Respondents failed to produce documents relating to the following three categories:  (1) statements for a Hallmark/Horizon credit card; (2) loan applications for Colony Mortgage; and (3) an insurance policy application for Asia Pacific.  Furthermore, by Respondents own testimony, the record established that Respondents had done nothing to obtain those documents, other than write one non-specific letter to Hallmark/Horizon.  Respondents do not refute this evidence.

In addition, in their motion for reconsideration, and in their objections, Respondents offer no explanation of why they did not take any steps to obtain the documents at the time they received the summonses, at the time the Motion for Contempt was filed in December 2005, or during the four months, from January through May, during which the magistrate held three hearings on the motion for contempt.  Respondents have only claimed that they did not see the request for the outstanding documents on the summonses.  Certainly, however, Respondents were aware that Petitioner was requesting documents from Colony Mortgage and Asia Pacific when it filed the motion for contempt and during the three hearings that followed.

All Respondents have offered with their objections are two exhibits, both of which are dated <u>after</u> the issuance of the Findings and Recommendation, showing that Respondents have made some effort to obtain documents from Asia Pacific and possibly Hallmark/Horizon.[1] (See Ex O, dated June 27, 2006, and Ex. P, dated July 7, 2006.)  Accordingly, this Court finds that Respondents had sufficient time to comply with the Court's July 28, 2005 order enforcing the

---

[1] The evidence allegedly demonstrating that Hallmark/Horizon has no credit card statements for Respondents is problematic because it is not accompanied by a declaration or affidavit explaining who Brian Trowbridge is or his connection to the company, and there is no response from Mr. Trowbridge to Ms. Trenholm's email request.

summonses.  As of the filing of the motion for contempt in December 2005 and the issuance of the Findings and Recommendation six months later, Respondents had failed to take any reasonable steps to obtain the requested documents.  Therefore, the Respondents did not meet the reasonable efforts test and are in civil contempt of this Court's July 28, 2005 order.

The compensatory sanction of attorney's fees and costs incurred by Petitioner in bringing the motion for contempt will be imposed.  However, as Respondents have demonstrated that since June 16, 2006, they have made some effort to obtain the outstanding documents, although it was a rather limited effort and the evidence they submitted does not necessarily establish that all outstanding documents are unavailable, this Court will not impose a coercive sanction upon Respondents.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS the Magistrate's Findings and Recommendation to Grant Petitioner's Motion for Contempt and to Deny Petitioner's Motion to Strike

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 31, 2006.

_____
David Alan Ezra
United States District Judge

United States of America vs. Loren W. Trenholm, CV 05-00131 DAE-KSC; ORDER AFFIRMING MAGISTRATE'S FINDING AND RECOMMENDATION TO GRANT PETITIONER'S MOTION FOR CONTEMPT AND TO DENY PETITIONER'S MOTION TO STRIKE